**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

ELECTRONICALLY
FILED
02/19/2026
U.S. DISTRICT COURT
Northern District of WV

TIMOTHY HALL,

    *Plaintiff,*

v.

    Civil Action No.: 2:26-CV-12 _____

    Judge _____ Kleeh _____

ATLAS GROUP, LLC,

    *Defendant.*

## COMPLAINT

Plaintiff, Timothy Hall, by counsel, states and alleges as follows for his Complaint against Defendant Atlas Group, LLC. (Hereinafter "Atlas" or "Defendant").

## PARTIES

1.    Timothy Hall was, at all relevant times herein, a citizen and resident of Pleasants County, West Virginia.

2.    Atlas is a West Virginia corporation with its principal place of business in Buckhannon, West Virginia.

3.    Atlas, at all relevant times, conducted business in the Northern District of West Virginia.

4.    At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## JURISDICTION AND VENUE

5.     This court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because the claims arise under the laws of the United States and otherwise has supplemental jurisdiction over any claims arising under state law.

6.     This Court has personal jurisdiction over this matter because Defendant conducts business in the Northern District of West Virginia.

7.     Venue is proper in this Court under 28 U.S.C. § 1391 (b) because the events or omissions giving rise to this claim occurred in the Northern District of West Virginia.

## FACTUAL BACKGROUND

8.     Mr. Hall began working for the Defendant on July 2nd, 2025, as a heavy machine operator.

9.     Prior to Mr. Hall's employment, he was diagnosed with Opioid Use Disorder and has since been in recovery for the past five (5) years.

10.     Mr. Hall has been compliant with a substance abuse treatment program at Spero Health in Marietta, Ohio, and has not failed a drug test since April 11, 2023.

11.     Mr. Hall has been legally taking Suboxone for over ten (10) years to treat his Opioid Use Disorder.

12.     At all relevant times, Mr. Hall was prescribed six (6) mg of Suboxone films daily by Dr. David J. Beane as part of his opioid recovery treatment.

13.     On July 7, 2025, Defendant required Mr. Hall to take a pre-employment drug test.

14.    Prior to the pre-employment drug test, Mr. Hall disclosed his Suboxone prescription to the Defendant, he subsequently tested positive for Suboxone, and Defendant approved Mr. Hall without a doctor's note.

15.    Due to an unrelated event with another employee working in Mann, WV, the Defendant drug tested all employees in early August of 2025.

16.    On August 1, 2025, Mr. Hall completed a second drug test.

17.    Upon information and belief, multiple employees failed the company wide drug test.

18.    Mr. Hall disclosed and tested positive for Suboxone once again.

19.    On August 1, 2025, Mr. Hall was suspended and paid for thirty (30) hours of work.

20.    Mr. Hall was informed by his supervisor, Ken Woody, that he could not return to work unless he stopped taking Suboxone and that Defendant required a doctor's letter.

21.    On August 15, 2025, Mr. Hall provided Defendant with a doctor's note stating "[Mr. Hall] is currently maintained on a low dose of Suboxone and has tolerated the medication without any side effects including nausea, vomiting, weakness or dizziness for more than 2 years. I feel he is able to operate motor vehicles and heavy machinery safely."

22.    Despite his doctor's note, Mr. Hall was informed that he could not return to work as an operator while he was on Suboxone.

23. A similarly situated employee who tested positive for Suboxone was allowed to continue employment, but only after he ceased using Suboxone and tested negative.

24. At all times, Defendants had knowledge of Mr. Hall's disability.

25. Defendant's reason for terminating Mr. Hall was that he tested positive for Suboxone, alleging that he failed the drug test.

26. Mr. Hall was the only employee who was terminated as a result of Defendant's August drug testing.

27. At the time of Mr. Hall's discharge, his Opioid Use Disorder constituted a disability under the Americans with Disabilities Act and the West Virginia Human Rights Act.

28. Mr. Hall's disability was the sole reason for Defendant's decision to terminate him.

29. Mr. Hall is a qualified individual with a disability under Sections 3(1)(A), 3(2), and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A), 12102(2), and 12111(8), in that he has one or more impairments that substantially limits a major life activity.

30. In the alternative, Mr. Hall is a qualified individual with a disability under Sections 3(1)(C)-(3) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(C)-(3) and 12111(8), in that Defendant regarded Mr. Hall as having a disability by discharging him because of his impairments.

31. The effect of these unlawful practices has been to deprive Mr. Hall of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of his disability within the meaning of the ADA.

32.    The unlawful employment acts, omissions and practices complained of above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

33.    On December 16, 2025, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission.

34.    On December 30, 2025, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission.

## COUNT I—DISABILITY DISCRIMINATION (HRA)

35.    Mr. Hall incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36.    Pursuant to West Virginia Code § 16B-17-9, it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon a disability either real or perceived.

37.    West Virginia Code § 16B-17-9 states that: "It shall be an unlawful discriminatory practice...[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled..."

38.    An individual is classified as disabled under the HRA when a physical impairment substantially limits one or more of a person's major life activities; or a record of such impairment exists; or if the employer perceives the disability. (W. Va. CSR § 77-1-2 (2.1)).

39.    At all times relevant to this case, Mr. Hall suffered from a disability due to his Opioid Use Disorder.

40.    Defendant, at the time it chose to terminate Mr. Hall, had knowledge of the aforementioned disability.

41.    Mr. Hall, even with his disability, was able to perform the essential job functions of his original position.

42.    Defendant violated West Virginia Code § 16B-17-9 by terminating Mr. Hall because of a disability, either real or perceived.

43.    As a direct and proximate result of the defendant's illegal conduct in violation of West Virginia Code § 16B-17-9, Mr. Hall has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

## COUNT II—DISABILITY DISCRIMINATION (ADA)

44.    Mr. Hall incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

45.    Pursuant to 42 U.S.C.S § 12112 (The Americans with Disabilities Act), no employer shall "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46.    At all times relevant to this case, Mr. Hall suffered from a disability due to his Opioid Use Disorder.

47.    Defendant, at the time it chose to terminate Mr. Hall, had knowledge of the aforementioned disability.

48.   Mr. Hall, even with his disability, was able to perform the essential job functions of his original position.

49.   Defendant violated The Americans with Disabilities Act by terminating Mr. Hall because of a disability, either real or perceived.

50.   As a direct and proximate result of the defendant's illegal conduct in violation of The Americans with Disabilities Act, Mr. Hall has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

WHEREFORE, Mr. Hall requests judgment against the Defendant as follows:

a.   Compensatory damages, including lost wages and benefits;

b.   Front pay;

c.   Emotional distress damages;

d.   Punitive damages;

e.   Attorney fees and costs;

f.   Prejudgment interest on all amounts claimed; and

g.   Such further relief as the Court may find appropriate.

**MR. HALL DEMANDS A JURY TRIAL.**

**Timothy Hall,**
**Plaintiff,**

**By Counsel**

*/s/Ryan W. Walters*
Richard W. Walters (WVSB #6809)

rwalters@shafferlaw.net
Ryan W. Walters (WVSB #14113)
ryanwalters@shafferlaw.net
SHAFFER & SHAFFER, PLLC
P.O. Box 3973
Charleston, West Virginia 25339
Telephone (304) 344-8716

8